UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL HUTCHISON,

       Petitioner,

v.                               CASE NO. 3:15-cv-890-J-34MCR

UNITED STATES OF AMERICA,

       Respondent.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* prisoner Michael Hutchison's ("Petitioner") Affidavit of Indigency, which the Court construes as a Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 (the "Application") (Doc. 2) and Motion to Rule on the Merits (Doc. 10). Upon review of Petitioner's Amended Petition 5.1, the Court finds that there are still deficiencies contained within the document. Accordingly, for the reasons discussed herein, the undersigned respectfully recommends that the Petitioner's Application be **DENIED**, the Motion be **DENIED as moot**, and the case be **DISMISSED without prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## I.    STANDARD

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the payment of costs, fees, or security.  The Court's decision to grant *in forma pauperis* status is discretionary.  See *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show that he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Even if a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.  *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639.  The trial court must determine whether there is a factual and legal basis, of

constitutional or statutory dimension, for the asserted wrong.  *Id.*  A district court

should order a § 1915 dismissal only when a claim lacks an arguable basis in

law.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Claims may lack an

arguable basis in law because of either factual or legal inadequacies.  *Id.*

An action fails to state a claim on which relief may be granted if it fails to

include "a short and plain statement of the claim showing that the pleader is

entitled to relief."  *Harper v. Lawrence County, Ala.*, 592 F.3d 1227 (11th Cir.

2010).  To avoid dismissal, the "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the

elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*

That said, it is well-established that the pleadings of *pro se* litigants must be

liberally construed, and "are held to less stringent standards than formal

pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per

curiam).

## II.   BACKGROUND

On July 17, 2015, the Petitioner filed a Rule 5.1 Petition as a *pro se*

claimant, asserting that the suspension of his Social Security and the reduction of

his veterans benefits were unconstitutional.  (Doc. 1.)  On that same date,

Petitioner filed his Application.  (Doc. 2.)  The Court entered an Order on August

3

12, 2015, taking the Application under advisement, subject to filing a proper pleading consistent with the Order.  (Doc. 4.)  Specifically, the Court listed that Petitioner's deficiencies included filing a pleading based on Federal Rule of Civil Procedure 5.1, consisting of non-numbered, scattered factual allegations placed in the midst of legal arguments and citations, and setting forth what appeared to be frivolous constitutional claims.  On December 28, 2015, the Petitioner responded to the Order by filing an Amended Petition 5.1 (the "Amended Petition").  (Doc. 9.)  Because the Amended Petition contains substantially the same deficiencies, the undersigned respectfully recommends that the case be dismissed without prejudice.

## III.   DISCUSSION

### A.   No Cause of Action Under Federal Rule of Civil Procedure 5.1

Although the Court noted in its August 12, 2015 Order that "Rule 5.1 does not create a new or separate cause of action or basis of relief" (Doc. 4 at 3), Petitioner filed his "Amended Petition 5.1," again seeking to bring his claims pursuant to Federal Rule of Civil Procedure 5.1.  As an initial matter, the Amended Petition is deficient because it is unclear who Petitioner is suing as he lists only 42 U.S.C. § 402(x) and 38 U.S.C. § 5313 as "Defendants." Nevertheless, as stated previously, Rule 5.1 does not create a new or separate cause of action or basis of relief.  Rule 5.1 is merely a procedural mechanism whereby the Court must inform the Attorney General and provide the United

States the option to intervene in the event that a party to a lawsuit makes a constitutional challenge and the United States is not a party to that suit.  *See* Fed. R. Civ. P. 5.1; *Lee v. United States*, Case No.: 06-cv-22730-CIV-GOLD/WHITE, 2007 WL 1111250 at *2, n. 1 (S.D. Fla. Apr. 11, 2007).[2]  Normally, a pleading could be dismissed on these bases alone; however, the undersigned conducts a more in-depth review of the Amended Petition in light of the deference afforded to the review of *pro se* pleadings.[3]

### B.   Violation of Federal Rules of Civil Procedure 8 and 10

The Court also previously noted that the original petition "comprise[d] of ten pages of non-numbered, scattered factual allegations placed in the midst of legal arguments and citations."  (Doc. 4 at 4.)  Petitioner's Amended Petition now contains sixteen (16) pages of non-numbered, scattered factual allegations placed in the midst of legal arguments and citations.  *See, e.g., McCarty v. Grguric*, Case No.: 6:06-cv-1444-Orl-19JGG, 2007 WL 2900329 at *2 (M.D. Fla. Oct. 2, 2007) ("Plaintiff's factual allegations are scattered and placed in the midst of seemingly stream of consciousness legal arguments and citations.") Petitioner's Amended Petition violates the technical pleading requirements of

---

[2] To the extent that Petitioner wishes to bring his claims against the United States, Rule 5.1 would be inapplicable in any event.

[3]  The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam).

Federal Rule of Civil Procedure 8, *see, e.g., McCarty*, 2007 WL 2900329 at *3

("Plaintiff's claims should be 'simple, concise, and direct.'") (citation omitted), as

well as Federal Rule of Civil Procedure 10, *see* Fed. R. Civ. P. 10(a) ("In the

complaint the title of the action shall include the names of all the parties . . .); Fed.

R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered

paragraphs, each limited as far as practicable to a single set of circumstances . .

."). The undersigned again notes that instead of making logical allegations,

Petitioner makes several scattered arguments, most of which appear to be legally

incoherent, irrelevant, and/or out of context.

### C.    Jurisdiction and Standing

As discussed above, the Amended Petition lacks clarity so as to provide

explicit notice as to the asserted bases for jurisdiction, claims, and relief sought.

However, Petitioner does assert that he "may bring his claim[s] pursuant to

[*Bivens*,]" and requests that "this Court declare 42 U.S.C. [§] 402(x); and 38

U.S.C. [§ 5313] to be unconstitutional." (Doc. 9 at 9, 15.) Petitioner further

requests that "all prisoners who are currently incarcerated in any penal institution

be allowed to receive their full benefits of either Social Security or Veterans

Service Connected Disabilities[,]" and that "all prisoner receive <u>all</u> back payments

owed for Social Security and Veterans Service Connection Disabilities." *Id.* at 15

(emphasis in original.)

### i.     Bivens

To the extent Petitioner relies on *Bivens* as a proper jurisdictional basis for his claims, such reliance is misplaced.[4]  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action in federal court, brought pursuant to 28 U.S.C. § 1331. "A *Bivens* action is analogous to an action under [42 U.S.C.] § 1983 – the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."  *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999). *Bivens* provides no basis for this action, however, because the United States Supreme Court has limited the remedies for the denial of social security benefits to those specifically provided for in the Social Security Act.  *See Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987)).  Petitioner appears to acknowledge as much.  (Doc. 9 at 9-10 ("The Supreme Court expressly declined to imply a <u>*Bivens*</u> remedy for the people who were improperly denied Social Security . . . benefits, allegedly as a result of due process violations.") (emphasis in original).)  Further, "the comprehensive

---

[4] In his plea to have this Court overturn the statute suspending Social Security benefits to prisoners, Petitioner complains that the Florida Department of Corrections does not provide, or is somehow incapable of providing, basic living needs or special living needs of older inmates. (*See* Doc. 9 at 4.)  To the extent Petitioner wishes to assert a claim for inhumane prison conditions, he may attempt to file a separate lawsuit pursuant to 42 U.S.C. § 1983.  As currently pled, Petitioner fails to properly assert a § 1983 claim.

remedial structure of the [Veterans' Judicial Review Act] precludes *Bivens* actions against VA officials." *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1247 (M.D. Fla. 2002) (citations omitted).  Finally, Section 1983 provides no basis for this action because Petitioner has alleged no constitutional violation by state officials.

### ii.    Lack of Standing for Claims on Behalf of All Prisoners

To the extent that Petitioner brings his claims on behalf of "all prisoners," Petitioner has failed to show that he has standing to do so.  Indeed, this is not a class action and Petitioner has no right to assert claims on behalf of other inmates.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities") (citation omitted); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Johnson v. Keaton*, Case No. 2:05-cv-1238-WKW, 2008 WL 4493242 at *10-11 (M.D. Ala. Sept. 29, 2008) (holding that *pro se* prisoner lacked standing to bring constitutional claims on behalf of other inmates).

### iii.    Other Bases for Jurisdiction

It appears that Petitioner may bring his claims for individual social security benefits under 42 U.S.C. § 405(g), assuming he exhausted his administrative

remedies or meets an exception to the administrative exhaustion requirement. *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984) ("42 U.S.C. § 405(g) with its administrative exhaustion prerequisite provides the sole avenue for judicial review.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)); 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be bought under section 1331 [the general federal question statute] or 1346 [the statute providing jurisdiction over suits against the United States] of Title 28 to recover on any claim arising under this subchapter."); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1378-79 (11th Cir. 1997) ("In *Heckler*, the Supreme Court construed the 'arising under' phrase broadly 'to include any claims in which both the standing and the substantive basis for the presentation of the claims in the Social Security Act,' including Constitutional challenges to eligibility requirements for payment of benefits under the statute.") (citation omitted); *see also Jensen v. Schweiker*, 709 F.2d 1227, 1229 (8th Cir. 1983) (holding an exception to the administrative exhaustion requirement exists where a claim is collateral to the substantive issue of entitlement and a claim presents a colorable constitutional claim).

Moreover, it appears that this Court may have jurisdiction over Petitioner's claim for veterans benefits to the extent he alleges only facial constitutional challenges to 38 U.S.C. § 5313.  *See Brown v. Dep't of Veterans Affairs*, 451 F.

9

Supp. 2d 273, 277-79 (D. Mass. 2006) (distinguishing between constitutional attacks on veterans benefits decisions, which must be brought solely within the "multi-tiered, comprehensive framework for the adjudication of veterans' disability claims," for which such decisions "are not subject to judicial review in district courts," and facial constitutional attacks for which district courts have jurisdiction to review).  To the extent that the Amended Petition, liberally construed, alleges colorable, facial constitutional challenges for which the Court has jurisdiction, such claims are nevertheless frivolous.

### D.    Petitioner's Constitutional Claims are Frivolous

The Amended Petition alleges that 42 U.S.C. § 402(x) and 38 U.S.C. § 5313 are unconstitutional because they violate Petitioner's constitutional due process and equal protection rights under the Fifth Amendment.  However, courts have uniformly and consistently upheld the nonpayment of benefits to prison inmates against various constitutional challenges.  *See, e.g., Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir. 1986) ("We hold that § 402(x)(1) is constitutional - - we find no violation of due process, no punishment without trial, and no bill of attainder or ex post facto law."); *Treece v. Wilson*, 212 F. App'x 948, 951-52 (11th Cir. 2007) (affirming dismissal of pro se prisoner's complaint and holding that the suspension of prisoner's social security benefits under 42 U.S.C. § 402(x) was not unconstitutional); *Langella v. Gov't of United States*, 6 F. App'x 116, 117 (2d Cir. 2001) ("Langella claims that 42 U.S.C. § 402(x) violates the Due Process and

10

Equal Protection Clauses of the Fifth Amendment, and constitutes an *ex post facto* law, and a bill of attainder.  These claims are meritless."); *Butler v. Apfel* 144 F.3d 622, 625 (9th Cir. 1998) (holding that 42 U.S.C. § 402(x) is constitutional and does not violate due process, equal protection, bill of attainder, or *ex post facto* clauses); *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987) (holding that 42 U.S.C. § 402(x) is constitutional and noting that "[s]everal circuits have upheld the constitutionality of Section 402(x) and its predecessor 423(f) against a variety of challenges," including due process, equal protection, *ex post facto*, and eighth amendment); *Buccheri-Bianca v. Heckler*, 766 F.2d 1152, 1155 (10th Cir. 1985) ("Suspension of benefits to confined felons . . . is consistent with the goal of the social security program to alleviate economic hardship.  Plaintiff has failed to persuade us that § 402(x)'s classification scheme is either arbitrary or without rational justification.") (citation omitted); *Jensen v. Heckler*, 766 F.2d 383, 385-86 (8th Cir. 1985) (holding that statute suspending social security benefits to incarcerated felons does not violate due process and equal protection, and does not constitute an *ex post facto* law or bill of attainder).

Similarly, courts have upheld the constitutionality of 38 U.S.C. § 5313. *See, e.g., McDermott v. McDonald*, Case No. 12-29999, 2014 WL 4435899 at *2 (Vet. App. Ct. Sept. 10, 2014) ("[T]he Court has held that prisoners are not a suspect class and that the suspension of the payment of pension benefits while a veteran is in prison is rationally related to and furthers nonpunitive legislative

11

goals of preventing duplication of subsistence payments and contraband purchases within prisons.") (citations omitted); *Brown*, 451 F. Supp. 2d at 281 (holding that Section 5313 does not violate the equal protection claim under the fifth amendment's Due Process Clause); *Latham v. Brown*, 4 Vet. App. 265, 268 (Vet. App. Ct. Feb. 12, 1993) (noting that several courts have upheld the constitutionality of 38 U.S.C. § 5313 and that no court has held § 5313 unconstitutional).  Petitioner failed to provide any new and persuasive allegation, argument, or citation that would lead the undersigned to conclude that Petitioner can present an arguable basis in law.  *See, e.g., Neitzke*, 490 U.S. at 325 ("By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis . . . in law . . .").

## IV.  CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Petitioner's Application (Doc. 2) be **DENIED**, that the Petitioner's Motion (Doc. 10) be **DENIED as moot**, and that the case be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on, May 12, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff